UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TZVI SMALL, M.D.,<br><br>                 Plaintiff,<br><br>    v.<br><br>ANTHEM BLUE CROSS BLUE SHIELD, HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, as administrators, and DEUTSCHE BANK, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>                 Defendants. | Civ. No. 2:18-cv-399 (JMV)(CLW)<br><br>**REPORT & RECOMMENDATION** |

**WALDOR, Magistrate Judge,**

This matter comes before the Court by way of referral from the Honorable John Michael Vazquez to issue a report and recommendation regarding Plaintiff Tvzi Small, M.D.'s Motion to Remand and for Attorneys' Fees (ECF No. 12) and Defendants Anthem Insurance Companies, Inc.'s ("Anthem") Opposition and Cross Motion for Attorneys' Fees and Costs (ECF No. 31). The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court recommends the Motion to Remand be **GRANTED,** the attendant Motion for Attorneys' Fees be **DENIED**, and Defendant Anthem's Cross Motion for Attorney's Fees be **DENIED**.

    **I.    BACKGROUND**

Plaintiff first filed this action in Bergen County Superior Court of New Jersey on December 5, 2017, alleging state law claims of quantum meruit, promissory estoppel, fraudulent inducement, and violation of health insurance regulations against the Defendant. (*see generally* Compl., ECF No. 1-1). Plaintiff was a non-participating or out-of-network provider that rendered medically-necessary services to a patient. (Compl. ¶ 11). According to Plaintiff, after the patient was admitted to the emergency room, Plaintiff contacted Defendant to request prior authorization of the

emergency surgery, which Plaintiff allegedly received from Defendant BCBS in writing on August 6, 2016. (Compl. ¶¶ 18, 20).

Plaintiff performed the surgery and billed a total of $22,130.91 for services provided. (Compl. ¶ 22). Plaintiff alleges that Defendants paid only $1,672.41 toward the charges, leaving a balance due of $20,458.20, and asserts that Defendants, knowing Plaintiff was an out-of-network provider, did not disclose its intention not to pay for the services Plaintiff ultimately provided to the patient. (Compl. ¶¶ 23, 25). Plaintiff pleads quantum meruit, promissory estoppel, fraudulent inducement, and health insurance regulation violation claims and seeks relief for not less than $15,000, in addition to reasonable attorneys' fees, interests, costs, and expenses. (Compl. ¶¶ 26-50).

On January 10, 2018, Defendant Anthem removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332 1441, and 1446. (Notice of Removal, ECF No. 1 at 2). Defendant's basis for removal was the doctrine of pre-emption, asserting that ERISA is one of the statutes to which the complete preemption doctrine applies and that the patient's health benefit plan falls under ERISA. (*Id*. at 4). On February 9, 2018, Plaintiff filed his Motion to Remand and for an Award of Attorneys' Fees. (ECF No. 12). Plaintiff argues that Defendant's removal was improper because Plaintiff's state law causes of action are independent of any claims the patient may have under ERISA, and that Plaintiff's claims cannot be preempted by ERISA when they do not have standing to bring a claim under ERISA. (*Id.* at 2-3). Defendant Anthem filed their Opposition as well as a Cross Motion for Attorneys' Fees and Costs on March 5, 2018. (ECF No. 31). Defendant Deutsche Bank also filed its own Memorandum of Law in Opposition to Plaintiff's Motions on March 5, 2018. On March 12, 2018, Plaintiff filed a Reply. (ECF No. 33). The Court concludes that Plaintiff

does not have standing to bring a claim pursuant to ERISA § 502(a). Consequently, there is no federal jurisdiction over this action, and its removal was improper.

## II.   LEGAL STANDARD

The federal removal statute provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed…to the district courts of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the… laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Parrish v. ARC of Morris Cty., LLC*, 193 F. Supp. 3d 425, 430 (D.N.J. 2016).

The party asserting "jurisdiction bears the burden of showing at all stages of the litigation that subject matter jurisdiction is proper in the federal court." *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014). The federal removal statute should be "strictly construed against removal…[and] all doubts should be resolved in favor of remand." *Id.* There is a "presum[ption] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id.* at 598 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

## III.  DISCUSSION

### A. COMPLETE PREEMPTION UNDER ERISA § 502(A)

In general, the well-pleaded complaint rule ordinarily bars the removal of an action to federal court where federal jurisdiction is not presented on the face of the plaintiff's complaint. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d. Cir. 1995). But, in certain limited circumstances, federal question jurisdiction exists over state law claims where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

3

responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). One such limited circumstance exists if the action "falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d. 393, 400 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[C]omplete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536, 2017 WL 4011203, at *4 (D.N.J. Sept. 11, 2017).

ERISA's civil enforcement mechanism, § 502(a), is one of those provisions with such "extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and permits removal." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Davila*, 542 U.S. at 209); *see also Garrick Cox MD LLC v. Cigna Healthcare*, Civ. No. 16-4611 (SDW)(LDW), 2016 WL 6877778, at *2 (D.N.J. Oct. 28, 2016), *R&R adopted*, 2016 WL 6877740 (D.N.J. Nov. 21, 2016 (remanding case to state court). As a result, state law causes of action that are within the scope of § 502 (a) are completely pre-empted and therefore removable to federal court.

A claim is completely pre-empted and removable under ERISA § 502(a) if: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters*, 760 F.3d at 303 (citing *Pascack Valley Hosp.*, 338 F.3d at 400). This two-part analysis, commonly referred to as the *Pascack* test, is "conjunctive, [and] a state-law cause of action is completely pre-empted only if both of its prongs are satisfied." *Id.*

The first prong of the *Pascack* test requires the Court to determine whether Plaintiff has standing to bring a claim under § 502(a). This inquiry has two subparts: (a) whether the plaintiff is the *type* of party that can bring a claim under ERISA § 502(a), and (b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits under ERISA. *See Progressive,* 2017 WL 4011203 at *5.

As to the subpart (a), § 502(a) permits claims brought by a "participant" or "beneficiary." 29 U.S.C. § 1132 (a)(1)-(4). A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Medical providers have no direct standing under these definitions to bring a claim pursuant to ERISA § 502(a). *Pascack*, 388 F.3d at 400. Nevertheless, the Third Circuit has held that "as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)." *North Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015).

However, the Court need not reach the question of whether the patient actually assigned to Plaintiff their health plan benefits such that Plaintiff now has standing to enforce them, because the existence of the anti-assignment clause in the patient's plan forecloses their ability to do so. Anti-assignment clauses are generally enforceable under ERISA and may preclude derivative ERISA standing through an assignment of benefits. *See American Orthopedic & Sports Medicine*

5

*v. Independence Blue Cross*, 890 F.3d 445 (3d Cir. 2018). Defendant Anthem attached to its brief documents, which it contends purport to show that the patient not only assigned their rights but Plaintiff even tried to utilize that assignment in pre-litigation demands for additional payment of the patient's benefits from Anthem. (ECF No. 31-3, 31-4, 31-5). However, courts in this district have found that anti-assignment provisions, which are facially valid, enforceable, applicable, and unambiguous, bar patients from assigning their ERISA benefits. *Progressive*, 2017 WL 4011203 at *9 (citing *Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594, 603-07 (D.N.J. 2011); *Kaul v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 WL 4071953 (D.N.J. Jul. 29, 2016); *Advanced Orthopedics and Sports Medicine v. Blue Cross Blue Shield of Massachusetts*, 2015 WL 4430488 (D.N.J. Jul. 20, 2015)).

The anti-assignment clause in the patient's Deutsche Bank Medical, Pharmacy and Vision Summary Plan Description provides as follows:

> **Nonassignment of Benefits**
>
> Assignment or alienation of any benefits provided by the Plans will not be permitted or recognized except as otherwise required by applicable law. This means that, except as required by applicable law, benefits provided under the Plans are not subject to sale, assignment, anticipation, alienation, attachment, garnishment, levy, execution, or any other form of transfer. Generally, state and local laws will not be recognized unless permitted by or under an applicable federal law, such as ERISA.

(ECF No. 32-2 at 85). The Court finds that this plan's anti-assignment clause is facially valid, enforceable, unambiguous, and applicable, rendering any actual or attempted assignment to Plaintiff ineffective. Therefore, Plaintiff is not the type of party that can bring a claim under § 502(a) as required by subpart (a) of the *Pascack* test. Because both subparts of the first prong of the *Pascack* test must be met, Plaintiff does not have standing to bring a claim under § 502(a).

Even if Plaintiff was the type of party that could bring a claim under § 502(a), its claims are not the type permissible under § 502(a) as required by subpart (b). A claim is subject to ERISA

6

preemption if it is brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, Plaintiff merely asserts its rights to be reimbursed for medical services it rendered to the patient, which is not a dispute that is preempted by ERISA. *See Pascack Valley Hosp.*, 388 F.3d at 403-04 (holding that ERISA does not preempt disputes regarding the amount of payment made to a provider). As a result, Plaintiff fails to meet subpart (b). Because Plaintiff does not have standing to bring a claim under § 502(a) under the first prong of the *Pascack* test, the Court does not reach the second.

### B. PLAINTIFF'S REQUEST FOR FEES AND COSTS AND DEFENDANT ANTHEM'S CROSS MOTION FOR FEES AND COSTS

Plaintiff's request for fees or costs under 28 U.S.C. § 1447(c) is denied. In exercising its discretion under § 1447(c), the Court looks to whether Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' basis for removal was not unreasonable, given the complexities of preemption doctrines, particularly in the ERISA context. *See Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 147 (3d. Cir. 2007) ("It is no secret to judges and lawyers that the courts have struggled with the scope of ERISA preemption.").

Similarly, the Court finds that awarding Defendant Anthem attorneys' fees and costs as requested in their Cross Motion is inappropriate. Defendant Anthem's request is based on the perceived "blatant misrepresentation" by Plaintiff that it did not receive an assignment. (ECF No. 31-1). The Court does not find that Plaintiff misrepresented the factual circumstances of the patient's non-assignment, and thus recommends the denial of the Cross Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Plaintiff's Motion to Remand be **GRANTED** and the corresponding Motion for Attorneys' Fees be **DENIED.** The Court also recommends that Defendant Anthem's Cross Motion for Attorney's Fees be **DENIED.** Accordingly, ECF No. 12 and ECF No. 31 shall be terminated upon adoption of this Report and Recommendation.

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

**Dated:** January 30, 2019

                                              s/ Cathy L. Waldor
                                              **CATHY L. WALDOR**
                                              **UNITED STATES MAGISTRATE JUDGE**