**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TZVI SMALL, M.D.,

    *Plaintiff*,

v.

ANTHEM BLUE CROSS BLUE SHIELD,
HORIZON BLUE CROSS BLUE SHIELD OF
NEW JERSEY, as administrators, and
DEUTSCHE BANK, JOHN AND JANE DOES
1-10 and ABC CORPORATIONS 1-10,

    *Defendants*.

Civil Action No. 18-399
(JMV)(CLW)

**OPINION AND ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on the January 31, 2019 Report and Recommendation ("R&R") of Magistrate Judge Cathy Waldor. D.E. 38. The R&R addresses Plaintiff's motion to remand and for attorneys' fees, D.E. 12, and Defendant Anthem Insurance Companies Inc.'s ("Anthem") opposition and cross-motion for attorneys' fees, D.E. 31. The R&R recommends that the motion to remand be granted and that both motions for fees be denied. D.E. 38. The parties were given notice that, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 71.1(c)(2), they had 14 days to file an objection to the R&R. On February 14, 2019, Defendant Anthem objected, D.E. 40 ("Anthem Opp."), which was followed by Defendant Deutsche Bank

Americas Holding Corp.'s ("DBAH") objection, D.E. 41 ("DBAH Opp.").[1] The Court has reviewed the record and adopts the R&R (D.E. 38) in its entirety.

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's R&R within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

Plaintiff originally filed suit in New Jersey Superior Court. D.E. 1-1 ("Compl."). In his Complaint, Plaintiff asserted that he had provided medical services for L.L. which were pre-authorized. Compl. at ¶¶ 20, 28. Plaintiff asserted four claims: quantum meruit, promissory estoppel, fraudulent inducement, and a violation of certain state regulations. *Id.* at ¶¶ 26-50. Anthem, with the consent of all other Defendants, then removed the matter to this Court based on

---

[1] DBAH points out that its name in the caption ("Deutsche Bank") is incorrect. *See* D.E. 41.

federal question subject matter jurisdiction. D.E. 1. Specifically, Defendants alleged that Plaintiff's claims arose under the Employee Retirement Income Security Act ("ERISA"), which resulted in exclusive federal jurisdiction. *Id.* at 4.

In the R&R, Judge Waldor noted that a federal court could have subject matter jurisdiction over a state-law claim if the claim was completely preempted by federal law. *Id.* at 4 (quoting *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d. 393, 400 (3d Cir. 2004) (citation omitted)). Judge Waldor continued that "complete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, 2017 WL 4011203, at *4 (D.N.J. Sept. 11, 2017).

Judge Waldor found, however, that Plaintiff does not have standing to bring a claim under ERISA § 502(a), and, as a result, there was no federal subject matter jurisdiction. R&R at 2-3. Judge Waldor found that Plaintiff does not have standing under the two-prong test set forth by the Third Circuit in *Pascack Valley*: "(a) whether the plaintiff is the *type* of party that can bring a claim under ERISA § 502(a), and (b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits under ERISA." *Id.* at 5 (citing *Progressive Spine*, 2017 WL 4011203, at *4). Judge Waldor explained that § 502(a) permits claims brought by a (1) a "participant" or (2) a "beneficiary," 29 U.S.C. § 29 U.S.C. § 1002(7)-(8). *Id.* Judge Waldor continued that although medical providers do not have direct standing under these provisions, the Third Circuit has held that "as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)." *Id.* (quoting *North Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d

369, 372 (3d Cir. 2015)). Judge Waldor decided that because of the anti-assignment clause in the patient's plan, the patient was unable to assign to Plaintiff any health plan benefits necessary to have the standing to enforce them. *Id.*

Defendant Anthem objects to this interpretation, stating that "the anti-assignment provision is not a *per se* bar to satisfaction of Prong 1, subpart (a) because 'subject-matter jurisdiction depends on an arguable claim, not on success.'" Anthem Opp. at 4. (quoting *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991) (citing *Firestone Tire and Rubber v. Bruch*, 489 U.S. 101 (1989))). Furthermore, Anthem also maintained that for complete preemption, "what matters is whether Plaintiff, as an out-of-network provider, is the type of party that *could* assert an ERISA claim as an assignee, not whether Plaintiff's claims may ultimately be defeated by an anti-assignment provision."[2] *Id.* In support of its position, Anthem asserts that the R&R ignores Plaintiff's letters to Anthem asking for additional payments. *Id.* at 5. Yet, Judge Waldor noted that Anthem had contended that the patient assigned the patient's rights to Plaintiff, who tried to use the assignment in pre-litigation demands to Anthem. R&R at 6. Judge Waldor did not "misapprehend" Anthem's arguments, as she explained that anti-assignment clauses "are generally enforceable under ERISA and may preclude derivative ERISA standing through an assignment of benefits," and that the plan's anti-assignment clause here was "facially valid, enforceable, unambiguous, and applicable, rendering any actual or attempted assignment to Plaintiff ineffective." R&R at 5-6; *see American Orthopedic & Sports Medicine v. Independence Blue Cross*, 890 F.3d 445 (3d Cir. 2018); *see also Progressive Spine*, 2017 WL 4011203, at *9). Judge Waldor pointed to the anti-assignment clause from the relevant plan description:

---

[2] In its objection, Defendant DBAH similarly argued that the R&R evaluated the merits of Plaintiff's claim and not whether Plaintiff "possessed a jurisdictionally adequate claim under Section 502(a)." DBAH Opp. at 4.

4

> Assignment or alienation of any benefits provided by the Plans will not be permitted or recognized except as otherwise required by applicable law. This means that, except as required by applicable law, benefits provided under the Plans are not subject to sale, assignment, anticipation, alienation, attachment, garnishment, levy, execution, or any other form of transfer. Generally, state and local laws will not be recognized unless permitted by or under an applicable federal law, such as ERISA.

*Id.* at 6 (quoting D.E. 32-2 at 85). Consequently, Judge Waldor held that under § 502(a) subpart (a), the Plaintiff is not the "type" of party that could bring a claim as required by the Third Circuit in *Pascack Valley*. *Id.*

Anthem appears to be arguing that because Plaintiff seemingly received an assignment from L.L., as Plaintiff apparently indicated in his pre-litigation correspondence, he has not met the first prong of the *Pascack Valley* test. In Anthem's view, the fact that Plaintiff would ultimately lack standing based on the anti-assignment clause does not affect the first prong of the *Pascack Valley* test. While the Court can see arguments that both support and undercut Anthem's position, Anthem does not cite to any binding authority in support. In fact, Anthem in part relies on a Seventh Circuit decision that predates the Third Circuit's decision in *Pascack Valley*. As a result, the Court adopts Judge Waldor's finding as to the first prong of the *Pascack Valley* requirements.

Judge Waldor also explained that although additional analysis was unnecessary, if she were to do so, Plaintiff's claims also fail as the "type" permissible under the statute. *Id.* A state claim is subject to ERISA preemption if it is brought "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* at 6-7 (quoting 29 U.S.C. § 1132(a)(1)(B)). Relying again on *Pascack Valley*, Judge Waldor explained that Plaintiff sought to "be reimbursed for medical services [he] rendered to the patient." *Id.* at 7. (citing *Pascack Valley*, 388 F.3d. at 403-04). Anthem argues that this analysis in the R&R is both unnecessary dictum and a legally flawed

5

conclusion because *Pascack Valley* "did not lay down a mandate that whenever a provider's dispute (let alone a non-participating provider's dispute) with an ERISA plan centers on how much the provider should have been paid, complete preemption fails." Anthem Opp. at 9. Anthem also cites to *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, 2017 WL 685101 (D.N.J. Feb. 21, 2017). *Cohen* is inapposite. There, the plaintiffs did not allege "that they had a separate agreement, whether verbal or written" with the defendant as to the plaintiffs' provision of medical services to a patient. *Id.* at 2017 WL 685101, at *1. Here, Plaintiff has alleged that he obtained pre-authorization directly from Defendants. As a result, the Court finds that *Progressive Spine*, 2017 WL 4011203, at *10, supports Judge Waldor's finding. Plaintiff has sufficiently pled that, separate and apart from any of Defendants' obligations under L.L.'s plan, Plaintiff independently relied on Defendant's express pre-authorization.

Lastly, Judge Waldor denied Plaintiff's request for fees or costs, because she found that Defendant Anthem's basis for removal was not unreasonable under 28 U.S.C. § 1447(c). R&R at 7 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Judge Waldor also denied Defendant Anthem's request for fees or costs in their cross-motion as both inappropriate and incorrect. *Id.* (quoting D.E. 31-1) (internal quotation marks omitted). The Court finds no error in these rulings.

For the reasons set forth above, and for good cause shown,

IT IS on this 15th day of March, 2019,

**ORDERED** that the Report and Recommendation filed on January 31, 2019 (D.E. 38) is **ADOPTED**[3] and made part of this Order; and it is further

---

[3] The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**ORDERED** that Plaintiff's motion to remand this matter to the Superior Court of New Jersey is **GRANTED**; and it is further

**ORDERED** that the Plaintiff's motion for Attorneys' Fees is **DENIED**; and it is further

**ORDERED** that the Defendant Anthem's cross-motion for Attorneys' Fees is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.